## ALONZO A. HILL
### v.
## JABA BELL ET AL.

*Unprotected Tumbling Rods—Statute.*

This court reverses a judgment obtained for hulling clover, because of the failure on the part of plaintiff to comply with the statute in regard to the protection of tumbling rods.

[Opinion filed September 21, 1888.]

APPEAL from the County Court of Brown County; the Hon. J. J. McDonnold, Judge, presiding.

Mr. W. L. Vandeventer, for appellant.

Mr. J. C. Thompson, for appellee.

WALL, P. J.    The appellees recovered a judgment against the appellant for $7.25 for services in threshing or hulling clover. This work was done with a machine connected by a tumbling rod, in sections, with a horse power, and the defense was, that the statute in relation to protection against accidents in the use of such tumbling rods was not complied with. The statute is as follows (1 Starr & C., Ill. Stat. 1292):

"Section 1.    That all persons in this State who are, or who may hereafter own or run any threshing machine, corn sheller or any other machine which is connected to a horse power by means of tumbling rods, or line of shafting, shall cause such and every length or section of such tumbling rod (except the one next the horse power), together with the knuckles or joints and jacks thereof, to be safely boxed or secured while running.

"Section 2.    Any person owning or running any machine, as mentioned in section one of this act, without complying with the requirements of the aforesaid section, shall be liable to the person damaged for any damage which may be sustained by any such person by reason of such neglect, and no action shall be maintained, nor shall any legal liability exist for services rendered by or with any such machine, when it shall be made to appear that the first section of this act has not been complied with."

There was no pretense that the rods or jacks were secured in any manner, but there was proof that the knuckles or joints were protected by a contrivance which was, probably, sufficient.

Nor was there any proof that by the use of this device all

danger in respect to the unprotected part of the tumbling rods and jacks was avoided.

The jury were properly instructed by the court upon the point involved, and as there is no conflict in the evidence, we are required to determine whether the verdict can be sustained.

We assume there can be no doubt that recovery is precluded unless the statute was substantially complied with, and we shall enter into no discussion in that regard. The requirement is that each and every length or section (except the one next the horse power), together with the knuckles or joints and jacks thereof, be safely boxed or secured. There were two sections, exclusive of the one next the horse power, and there were two jacks, and the only attempt at "boxing or securing" was at the joints or knuckles.

One of the jacks was in the section next the horse power, and the location of the other is not shown.

Now, in the absence of all proof that the use of the patent joint or knuckle made the whole tumbling rod secure, the conclusion is irresistible that a substantial part of the rod, to wit, the two sections not next the horse power, between the joints, was wholly unprotected. Security is required by the statute as to those parts as well as the rest, if the language employed is to receive the meaning it naturally imports. It is argued, however, there is no appreciable, if any, danger in the use of tumbling rods except at the joints, and when these are made safe the spirit of the law is satisfied, and we grant that if it so appeared by the proof there would be support for the verdict.

As it is, however, we feel constrained to say that the jury were without warrant in the conclusion reached, and much as we regret to reverse so small a judgment, it is a matter of duty to do so. The judgment will be reversed and the cause remanded.

*Reversed and remanded.*